Filed 2/26/14  In re A.R. CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re A.R. et al., Persons Coming Under the Juvenile Court Law. | |
| SAN FRANCISCO HUMAN SERVICES AGENCY, <br><br>     Plaintiff and Respondent, <br><br> v. <br><br> ANNA R., <br><br>     Defendant and Appellant. | A139338 <br><br> (San Francisco City & County Super. Ct. No. JD12-3147, JD12-3147A) |

**INTRODUCTION**

At the conclusion of the proceedings in this dependency case, the juvenile court orally issued a custody and visitation order, and terminated the dependency as no longer necessary.  A written order purporting to memorialize the oral order was prepared by the minors' counsel, and later signed and filed by the court.  On appeal, the minors' mother does not challenge the substance of the oral order, but argues that the written order is defective as to form, and fails to comply with the oral order in two respects.  We agree, and therefore vacate the written order (but *not* the oral order), and remand for the entry of a corrected written order.

**BACKGROUND**

Appellant Anna R. (Mother) is divorced from V.R. (Father), the father of her two school-age sons, A.R. and M.R., collectively minors.  The San Francisco Human Services

1

Agency (the Agency) initiated dependency proceedings in May 2012 in the wake of an incident in which there was a relatively minor physical altercation between Mother and M.R., then age 10, after which M.R. ran away from Mother. During the course of the dependency proceedings, A.R. continued to live with Mother, and M.R. lived with Father. Mother initially had supervised visitation with M.R., and then progressed to weekly unsupervised visitation. A.R. did not want visitation with Father, and they had only minimal contact.

By February 2013,[1] the Agency reported to the juvenile court that the reasons for the dependency had been addressed, and recommended that the dependency be terminated. The parents agreed that the dependency should be dismissed, but were unable to agree on a post-dependency custody and visitation arrangement. On July 1, the juvenile court held a hearing on the issue of post-dependency custody and visitation, heard argument from counsel, and took the matter under submission.

On July 5, the juvenile court announced its decision orally on the record from the bench (the oral order), and directed counsel for minors to prepare a written order (the written order) memorializing the oral order. The oral order provided that Mother and Father would have joint legal and physical custody of minors, and that A.R. would reside with Mother and M.R. would reside with Father. Mother was to have visitation with M.R. overnight every Thursday night and on alternate weekends from Friday after school until the start of school on Monday, except on weekends when M.R. had a chess tournament. M.R. would spend his winter school break with Mother and his spring and fall school breaks with Father. Starting in 2014, M.R. would spend the first half of each summer with Father and the second half with Mother. By September 1, Mother was to select four Jewish holidays on which M.R. would spend at least one day with her, and more time if M.R. so desired. M.R. was to spend each Mother's Day with Mother and each Father's Day with Father.

---

[1] All further references to dates are to the year 2013 unless otherwise specified.

With respect to A.R., the oral order required Father to submit a proposed visitation schedule by September 1. The schedule was to be designed to increase Father's visitation with A.R. gradually for six months, such that by early January 2014, A.R. would be with Father for 30 percent of the time. The court extended the appointments of counsel for the parties until such time as Mother's Jewish holiday selections and Father's proposed visitation schedule with A.R. were submitted through counsel on or before September 1.

On July 24, Mother filed a notice of appeal from the oral order. At some point after the oral order was announced, on a date not discernible from our record, Minors' counsel drafted a proposed written order, as instructed by the juvenile court, and submitted it to the juvenile court. The juvenile court signed the proposed order without making any changes to it. The judge's signature is accompanied by a handwritten date of July 5, but the clerk's file stamp shows a filing date of October 2. The record on appeal does not reflect whether or not Minors' counsel sent a copy of the proposed written order to the parties' counsel, either before submitting it to the court or simultaneously. Nor does the record shed any light on what happened during the interval between the juvenile court's receipt of the proposed written order and its filing by the clerk on October 2.

## DISCUSSION

Mother filed an opening brief on this appeal, but waived oral argument. None of the other parties filed a respondent's brief. Accordingly, we decide the appeal based on the record and the opening brief, while the burden of demonstrating reversible error remains on Mother. (Cal. Rules of Court, rule 8.220(a)(2); *Smith v. Smith* (2012) 208 Cal.App.4th 1074.)

Mother's brief does not take issue with the substance of the juvenile court's oral order as announced on July 5. Rather, she argues the written order is defective in the following respects: (1) it should have been prepared on Judicial Council form JV-200, and sent to the family court in which Mother and Father's marital dissolution proceeding was heard; (2) the exit order portion of the written order refers to a proposal from "Minor" for the four Jewish holidays M.R. will spend with Mother, whereas the oral order (and an earlier section of the written order) specified that Mother would select the

3

Jewish holidays M.R. will spend with her; and (3) the written order defers the dismissal of the dependency proceeding until Mother's Jewish holiday choices and Father's proposed visitation schedule with A.R. are submitted, rather than terminating dependency jurisdiction as of July 5.

Mother's contentions are correct. The use of Judicial Council form JV-200 is mandatory when, as here, a juvenile court issues an order under Welfare and Institutions Code section 362.4 terminating dependency proceedings and providing for custody or visitation. (Cal. Rules of Court, rule 5.700(a)(2).) Failure to prepare the written order on the mandatory form does not, in and of itself, render the order invalid or unenforceable. (Cal. Rules of Court, rule 1.31(g).) Nonetheless, because the written order needs to be corrected for other reasons (as discussed *post*), the corrected order should be prepared using the correct mandatory form. The corrected order should then be forwarded to the appropriate superior court for filing in the parents' dissolution proceeding, or as the first filing in a new proceeding, as required by Welfare and Institutions Code section 362.4 and California Rules of Court, rule 5.700(a)(2).

The second issue Mother raises regarding the written order is that in paragraph 6c, it refers to "Minor's proposal for M[.R.] for his selected Jewish Holidays." Mother is correct that this does not accurately reflect the juvenile court's oral order permitting *Mother*, not M.R. or A.R., to select the four Jewish holidays on which M.R. is to spend one day with her, and additional time if he wishes. In this connection, we note that paragraph 5e of the written order incorrectly provides that "M[.R.] shall spend one day of each of the Jewish holidays with Mother . . . ," when it should provide that M.R. is to spend one day of each of *Mother's four selected* Jewish holidays with her.

Finally, the written order provides for the dependency proceedings to be dismissed *following* the submission by counsel of Mother's Jewish holiday selections and Father's proposed visitation plan for A.R. In the oral order, however, the dependency court stated that "the matter *at this time* will be dismissed and jurisdiction of the [juvenile] court terminated," subject to the custody and visitation provisions previously discussed. The court then clarified that counsel's *appointments* would continue until Mother's holiday

4

selections and Father's proposed visitation plan were submitted. The court did not, however, make any change to the provision that the dependency proceedings themselves were dismissed as of July 5. The minute order regarding the July 5 hearing, which was filed on July 10, also indicates that the dependency petition was dismissed as to both minors, and the court's jurisdiction terminated, on July 5. The corrected written order should reflect that the dependency court's jurisdiction terminated effective July 5, 2013.

## DISPOSITION

The written order filed by the juvenile court in this matter on October 2, 2013, is VACATED, and the matter is REMANDED to the juvenile court for preparation and filing of a corrected written order, accurately and properly memorializing the terms of the juvenile court's oral order announced from the bench on July 5, 2013. The corrected written order shall be prepared using Judicial Council form JV-200, and a copy of the corrected written order shall be transmitted to the appropriate superior court to be filed, and notice of the filing given to the juvenile court and the parents, as required by Welfare and Institutions Code section 362.4.

_____

RUVOLO, P. J.


We concur:


_____

RIVERA, J.


_____

HUMES, J.